**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

RECEIVED
OCT 29 2010
OCT 2 9 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JALEH BANAEI,

Plaintiff,

-against-

CITY OF EVANSTON AND

EVANSTON POLICE OFFICERS MESSING AND NIZIOLEK

Defendant.

10cv6966
Judge William T. Hart
Comp Magistrate Sheila M. Finnegan

1. At all times hereinafter mentioned, Plaintiff was, and still is, a resident of Evanston, Illinois.

2. Defendant, having a main office at 2100 Ridge Avenue Evanston, IL 60201 is a municipality in the State of Illinois.

3. The jurisdiction of this court is invoked pursuant to 42 USCS 1981 and 1983.

4. **FACTS OF THE CASE**

Plaintiff is a female, 53 years old, Caucasian, and has a foreign accent.

In 2003 and 2004 Plaintiff purchased properties at 2025 Ashland and 1822 Dodge Avenue in Evanston, Illinois, both in a predominately African-American neighborhood.

Between 2004 and 2010, Plaintiff called the Evanston Police often for various issues including theft, vandalism, and harassment by tenants and others.

After many complaints, an Evanston Police officer told her that if they took serious action in such situations, there would be protests by African Americans for alleged discrimination in front of City hall as had happened in the past and the City of Evanston would pressure the Police to stop or limit such arrests. The Police Officer explained that this is why Plaintiff should leave the neighborhood.

Although the Police responded to each complaint, at no time did they conduct any further investigation of said complaints beyond taking Plaintiff's statement.

In 2006, Maria Hentz became a tenant at 2025 Ashland.

In 2008, Cornell Hentz, who was frequently a guest before, and increased his visitation; moved in to the apartment at 2025 Ashland with Maria Hentz in violation of the lease and without Plaintiff's consent.

In July 2008, Plaintiff went to the apartment, along with her handyman, David Starling, to fix a window and the plumbing. Plaintiff gave 48 hours notice to Ms. Maria Hentz, the tenant. Cornell Hentz would not let Plaintiff in. He eventually let her in after he talked to Mrs. Hentz. Mr. Hentz proceeded to call Plaintiff a "whore" a "bitch' and a "tramp" and said she needed to "get laid." Mr. Hentz pushed his body up against Plaintiff and leaned into her, bending her backwards over the counter. Plaintiff shifted away. David Starling, a witness to these events, told Mr. Hentz to stop. Mr. Hentz began to pick up some of Mr. Starling's tools.

Plaintiff called the Evanston Police. An Evanston Police Officer showed up, Plaintiff told the Officer what happened (a clear case of assault and battery). The officer stated "all he could do" was ask Mr. Hentz to leave. The officer did not question Mr. Starling or make any further investigation of the matter.

On October 30, 2008, around 6pm Maria Hentz called Plaintiff about a clogged drain in the basement. Plaintiff said she would fix it and left. Mr. and Mrs. Hentz called Plaintiff at nine and told her that the situation with the drain was "totally unacceptable." Plaintiff responded that she would fix it.

Upon inspection, Plaintiff saw that someone who had been inside the building (and who she suspected was Mr. Hentz) placed a towel in the basement drain and there was dog feces in the basement near the drain. The dog feces was too big to fit through the drain. There was collected water near the drain, but there had been no rain.

Plaintiff called the Police to investigate the damage to the apartment and take her statement. The Police were reluctant to do so.

Later on that day, Plaintiff was painting porches outside the apartment building. Mr. Hentz made a phone call and a Ms. Charisse Roberson arrived. Plaintiff overheard Mr. Hentz and Ms. Roberson say something about "court" and "witness," which Plaintiff naively thought was about Plaintiff's potential eviction the Hentz family.

Mr. Hentz, angry that Plaintiff had called the Evanston Police then made more lewd remarks to Plaintiff and gestured a sexual act using his hips. Mr. Hentz kicked over a can of paint and pressed his chest against Plaintiff's in a threatening manner. Both plaintiff and Mr. Hertz called the police.

The only witnesses were Mr. Hentz, Plaintiff, and, Charisse Roberson.

Two African American Evanston Police Officers arrived. They appeared to be familiar with Plaintiff and Mr. Hentz. Also, Officer Nizolek, and Officer Messing of the Evanston Police, arrived, told Plaintiff to "shut up;" depriving her of the ability to tell them that Mr. Hentz had called someone before he attacked her, that Mr. Hentz had discussions with Ms. Roberson about "court" and a "witness" before he attacked her, and that, in fact, Mr. Hentz had attacked Plaintiff rather than the other way around.

The Police took Mr. Hentz's and Ms. Roberson's statements. The Police report states that Plaintiff did not say that Mr. Hentz bumped her in the chest in a threatening manner, and only contained Mr. Hentz's statement that Plaintiff had "bumped him" in the chest and caused him to "stumble back."

Plaintiff's driver's license issued July 6, 2010 states that Plaintiff is five feet three inches tall and weighs 125 pounds. Plaintiff verifies that this was her height and weight at the time of the incident.

Mr. Hentz is African American, approximately six feet tall and weighed approximately 200 pounds at the time of the incident.

The Officers handcuffed and arrested Plaintiff, and took her to a large room at the Police station where other Police officers were walking through. The Police ordered Plaintiff to take off her sweater. Plaintiff responded that she was only wearing lingerie under the sweater and did not want to be embarrassed. The Police insisted that Plaintiff remove her sweater, under which she was wearing see-through lingerie.

The Police conducted a full search of Plaintiff at least three times, including her breasts and buttocks. Officers Messing and Niziolek, a male and female, were present during this examination and acted belligerently towards Plaintiff. Several other male officers walked through while Plaintiff was being searched and laughed her.

Plaintiff asked for a supervisor. A supervisor arrived, sneered at Plaintiff, and walked away. The supervisor seemed to recognize Plaintiff.

Plaintiff has suffered severe emotional distress as a result of these incidents, is afraid to leave her apartment, has difficulty sleeping and has constant nightmares of being attacked. Plaintiff is afraid to call the Police.

Mr. Hentz has called Plaintiff numerous names, ridiculed her accent, made sexually obscene gestures towards her, assaulted and battered her, and threatened to kill her.

## 5. SUMMARY

Over a six-year period, Plaintiff filed over 20 police reports regarding theft of and damage to her property, and threats to her person. In many cases, Plaintiff told the Police who she suspected of the crime. Plaintiff believes these crimes to have been committed by Mr. Hentz and other individuals. In many cases it was clear who had committed the crime (e.g. a tenant left his apartment and immediately thereafter, a radiator was missing from the apartment.) In only one case did the Police do anything beyond taking Plaintiff's statement, and in that case all they did was talk to one neighbor.

On one occasion Plaintiff had two witnesses (including herself) to an assault and battery by Mr. Hentz, and the Police simply let Mr. Hentz go without getting a statement from the witness (Mr. Starling)'s statement.

Mr. Hentz has filed one complaint against Plaintiff. He had two witnesses (including himself). Mr. Hentz's story of being attacked by a 52 year old five foot three 125 pound woman with graying hair strains credulity. Nevertheless, the Evanston Police arrested and incarcerated Plaintiff and did not take her statement. The Evanston Police then forced Plaintiff to remove her sweater, revealing her breasts and conducted multiple full body searches while two Officers stood and laughed and many walked by.

At least one Officer has admitted the racial motive of keeping the African-American portion of Evanston pacified, keeping the more affluent parts of Evanston safe, and avoiding political confrontation.

Even without this statement, the Police have demonstrated a clear pattern of racially, ethnically, gender-based and age-based disparate treatment of Plaintiff. This conduct was willful and wanton.

Such conduct is a violation of Illinois State law and 42 USCS, 1981 and 1983 as specifically set forth below showed deliberate indifference to the rights of Plaintiff and deprived Plaintiff of her legal rights as follows:

### 6. COUNT I – VIOLATION OF THE FOURTH AMENDMENT – 1983 AND FOURTH AMENDMENT CLAIM

Plaintiff alleges the conduct and allegations above as if fully set forth in this Count I.

Such conduct is in violation of 42 USC 1983, in that the Evanston Police violated Plaintiff's Fourth Amendment rights because no reasonable person would believe there was probable cause.

### 7. COUNT II – FALSE ARREST -1983 AND FOURTH AMENDMENT CLAIM

Plaintiff alleges the conduct and allegations above as if fully set forth in this Count II.

Such conduct is in violation of 42 USC1983 and the Fourth Amendment to the Constitution of the United States, and therefore constitutes false arrest.

### 8. COUNT III – EQUAL PROTECTION – 1981 AND AMENDMENT 14TH AMENDMENT CLAIM

Plaintiff alleges the conduct and allegations above as if fully set forth in this Count III.

Such conduct is in violation of 42 USC 1981 and the Fourteenth Amendment of the Constitution of the United States because it denies Plaintiff equal protection of the law.

### 9. COUNT IV – FALSE IMPRISONMENT – 1983 AND STATE LAW CLAIM

Plaintiff alleges the conduct and allegations above as if fully set forth in this Count IV.

Such conduct constitutes false imprisonment because (1) the plaintiff was restrained by force or threat of force by the Defendant and (2) the Defendant acted without having reasonable grounds to believe that an offense was committed by the Plaintiff.

### 10. COUNT V – INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS 1983 AND STATE LAW CLAIM

Plaintiff alleges the conduct and allegations above as if fully set forth in this Count V.

Such conduct constitutes intentional or negligent infliction of emotional distress because (1) the Defendants' conduct was truly extreme and outrageous, (2) the Defendants either intended to

inflict emotional distress or knew there was at least a high probability that they would cause severe emotional distress.

11. **IN CONCLUSION**, the Evanston Police's actions and failure to act are a result of Evanston Police policy and custom. The city of Evanston has failed to implement any effective guidelines or program to train, supervise, or regulate its police officers regarding gender, age, or race discrimination except to avoid discrimination and perceived discrimination against African Americans.

These actions and failure to act also reflect a deliberate or conscious choice by the City and the Police Officers involved in these incidents to ignore the need of such policy and to ignore the Constitutional rights of its citizens and has the effect of condoning such behavior. These were and are a proximate cause of the extreme emotional and physical distress to Plaintiff.

12. **WHEREFORE**, plaintiff demands: damages of not less than $3,000,000, a court order requiring the Evanston Police Department to adopt a non-discriminatory policy regarding arrests and investigation of alleged crimes, the removal of Officers Messing and Nizoliek from the Evanston Police Department and to take any other actions this Court finds necessary or appropriate.

_____

Peter Kaminsky

Attorney for the Plaintiff

4346 N. Pulaski Rd

Chicago, IL 60641

(630) 788-4653

ARDC # 6207183

DATE: October 29, 2010

### AFFIDAVIT

I, Jaleh Banaei, certify and attest that, to the best of my knowledge and belief, the statements and claims in the foregoing complaint are true and accurate.

_____

JALEH BANAEI

10/29/10

Date

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JALEH BANAEI,
PLAINTIFF,

-and-

CITY OF EVANSTON AND
UNNAMED EVANSTON POLICE OFFICERS
DEFENDANT.

### AFFIDAVIT OF SERVICE

I, PETER KAMINSKY, certify that I served the city of Evanston, IL with the attached Complaint via regular mail on October 29th, 2010.

_____
PETER KAMINSKY

10/29/10
Date

PETER KAMINSKY
Attorney for Petitioner
228 West Main Street
Barrington, Illinois 60010
(630) 788-4653
Attorney # 47536