UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
APR 2 7 2011
APR 27 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JALEH BANAEI )
)
   Plaintiff )
)
vs. ) 10CV 6966
) JUDGE William T. Hart
CITY OF EVANSTON AND EVANSTON POLICE )
OFFICERS MESSING AND NIZIOLEK UNNAMED )
EVANSTON POLICE OFFICERS )
)
   Dedendants ) JURY TRIAL DEMANDED

## AMENDED COMPLAINT

Plaintiff, JALEH BANAEI, by counsel and for his complaint against defendants officers Messing and Niziolek, unnamed Evanston Police Officers, and the City of Evanston, a municipality in the state of Illinois, alleges as follows;

### INTRODUCTION

1. Civil rights action and common law action for damages and injunctive relieve brought under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1983 and 1988, and Illinois State Tort Law.
2. This is a case of false arrest, unlawful imprisonment, battery, and failure to equally enforce the laws. Plaintiff claims that on or about October 30, 2008, defendants Messing and Niziolek arrested her without probably cause, refused to let her explain what occurred, that took her to the Evanston police station while male and female officers walked by and laughed at her, all of which caused her humiliation, deprivation of her liberty, extreme emotional distress, physical illness, and an inability to focus on her work.
3. This is a case of a tacit, deliberate policy by the Evanston police department to ignore black on white crime in black neighborhoods in order to avoid the appearance of racism and to appease black politicians.
4. The "individual defendants" are officers Messing, Niziolek.

### JURISDICTION

5. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. Section 1331 and 1343(a)(4).
6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391 because all the defendants reside in the district.

## PARTIES

Jaleh Banaei is a 53-year old woman, resident of Cook County, Illinois, and is a highly-educated architect who runs her own business and is very civil.

7. Defendants officers Messing and Niziolek acted as police officers of the City of Evanston and are being sued in their individual capacity
8. Defendants officers Messing and Niziolek at all times relevant to this complaint, acted under color of state law as police officers of the town of Evanston and acted in the course of and within the scope of their employment. The City was, at all times material to this Complaint, the principal and employer of the individual defendants.

## FACTS

### REGARDING ARREST AND STRIP SEARCH

1. Plaintiff is a female, 53 years old, Caucasian, and has a foreign accent.

2. In July 2008, Plaintiff went to the apartment, along with her handyman, David Starling, to fix a window and the plumbing. Plaintiff gave 48 hours notice to Ms. Maria Hentz, the tenant. Cornell Hentz would not let Plaintiff in. He eventually let her in after he talked to Mrs. Hentz. Mr. Hentz proceeded to call Plaintiff a "whore" a "bitch' and a "tramp" and said she needed to "get laid." Mr. Hentz pushed his body up against Plaintiff and leaned into her, bending her backwards over the counter. Plaintiff shifted away. David Starling, a witness to these events, told Mr. Hentz to stop. Mr. Hentz began to pick up some of Mr. Starling's tools.

3. Plaintiff called the Evanston Police. Two (2) Evanston Police Officers showed up, Plaintiff told the Officer what happened (a clear case of assault and battery). The officer stated "all he could do" was ask Mr. Hentz to leave. The officer did not question Mr. Starling or make any further investigation of the matter.

4. On October 30, 2008, around 6pm Maria Hentz called Plaintiff about a clogged drain in the basement. Plaintiff said she would fix it and left. Mr. and Mrs. Hentz called Plaintiff at nine and told her that the situation with the drain was "totally unacceptable." Plaintiff responded that she would fix it.

5. Upon inspection, Plaintiff saw that someone who had been inside the building (and who she suspected was Mr. Hentz) placed a towel in the basement drain and there was dog feces in the basement near the drain. The dog feces was too big to fit through the drain. There was collected water near the drain, but there had been no rain.

6. Plaintiff called the Police to investigate the damage to the apartment and take her statement. The Police were reluctant to do so.

7. Later on that day, Plaintiff was painting porches outside the apartment building. Mr. Hentz made a phone call and a Ms. Charisse Roberson arrived. Plaintiff overheard Mr. Hentz and Ms. Roberson say something about "court" and "witness," which Plaintiff naively thought was about Plaintiff's potential eviction the Hentz family.

8. Mr. Hentz, angry that Plaintiff had called the Evanston Police then made more lewd remarks to Plaintiff and gestured a sexual act using his hips. Mr. Hentz kicked over a can of paint and pressed his chest against Plaintiff's in a threatening manner. Both plaintiff and Mr. Hertz called the police.

9. The only witnesses were Mr. Hentz, Plaintiff, and, Charisse Roberson.
Two African American Evanston Police Officers arrived. They appeared to be familiar with Plaintiff and Mr. Hentz. Also, Officer Nizolek, and Officer Messing of the Evanston Police, arrived, told Plaintiff to "shut up;" depriving her of the ability to tell them that Mr. Hentz had called someone before he attacked her, that Mr. Hentz had discussions with Ms. Roberson about "court" and a "witness" before he attacked her, and that, in fact, Mr. Hentz had attacked Plaintiff rather than the other way around.

10. The Police took Mr. Hentz's and Ms. Roberson's statements. The Police report states that Plaintiff did not say that Mr. Hentz bumped her in the chest in a threatening manner, and only contained Mr. Hentz's statement that Plaintiff had "bumped him" in the chest and caused him to "stumble back."

11. Plaintiff's driver's license issued July 6, 2010 states that Plaintiff is five feet three inches tall and weighs 125 pounds. Plaintiff verifies that this was her height and weight at the time of the incident.

12. Mr. Hentz is African American, approximately six feet tall and weighed approximately 200 pounds at the time of the incident.
13. The Officers handcuffed and arrested Plaintiff, and took her to a large room at the Police station where other Police officers were walking through. The Police ordered Plaintiff to take off her sweater. Plaintiff responded that she was only wearing lingerie under the sweater and did not want to be embarrassed. The Police insisted that Plaintiff remove her sweater, under which she was wearing see-through lingerie.

14. The Police conducted a full search of Plaintiff at least three times, including her breasts and buttocks. Officers Messing and Niziolek, a male and female, were present during this examination and acted belligerently towards Plaintiff. Several other male officers walked through while Plaintiff was being searched and laughed her.

15. Plaintiff asked for a supervisor. A supervisor arrived, sneered at Plaintiff, and walked away. The supervisor seemed to recognize Plaintiff.

16. Mr. Hentz has filed one complaint against Plaintiff. He had two witnesses (including himself). Mr. Hentz's story of being attacked by a 52 year old five foot three 125 pound

woman with graying hair strains credulity. Nevertheless, the Evanston Police arrested and incarcerated Plaintiff and did not take her statement. The Evanston Police then forced Plaintiff to remove her sweater, revealing her breasts and conducted multiple full body searches while two Officers stood and laughed and many walked by.

17. Plaintiff has filed numerous complaints against Mr. Hentz. In one case, she had two witnesses to his assault and battery, the police never did anything with regard to any of these complaints.

18. Plaintiff has suffered severe emotional distress as a result of these incidents, is afraid to leave her apartment, has difficulty sleeping and has constant nightmares of being attacked. Plaintiff is afraid to call the Police.

## REGARDING GENERAL DISCRIMINATION BY THE EVANSTON POLICE DEPARTMENT

19. In 2003 and 2004 Plaintiff purchased properties at 2025 Ashland and 1822 Dodge Avenue in Evanston, Illinois, both in a predominately African-American neighborhood. Between 2004 and 2010, Plaintiff called the Evanston Police often for various issues including theft, vandalism, and harassment by tenants and others.

20. After many complaints, an Evanston Police officer told her that if they took serious action in such situations, there would be protests by African Americans for alleged discrimination in front of City hall as had happened in the past and the City of Evanston would pressure the Police to stop or limit such arrests. The Police Officer explained that this is why Plaintiff should leave the neighborhood.

21. Although the Police responded to each complaint, at no time did they conduct any further investigation of said complaints beyond taking Plaintiff's statement.

22. In 2006, Maria Hentz became a tenant at 2025 Ashland.

23. In 2008, Cornell Hentz, who was frequently a guest before, and increased his visitation; moved in to the apartment at 2025 Ashland with Maria Hentz in violation of the lease and without Plaintiff's consent.

24. Mr. Hentz has called Plaintiff numerous names, ridiculed her accent, made sexually obscene gestures towards her, assaulted and battered her, and threatened to kill her.

25. Over a six-year period, Plaintiff filed over 20 police reports regarding theft of and damage to her property, and threats to her person. In many cases, Plaintiff told the Police who she suspected of the crime. Plaintiff believes these crimes to have been committed by Mr. Hentz and other individuals. In many cases it was clear who had committed the crime (e.g. a tenant left his apartment and immediately thereafter, a radiator was missing

from the apartment.) In only one case did the Police do anything beyond taking Plaintiff's statement, and in that case all they did was talk to one neighbor.

26. On one occasion Plaintiff had two witnesses (including herself) to an assault and battery by Mr. Hentz, and the Police simply let Mr. Hentz go without getting a statement from the witness (Mr. Starling)'s statement.

27. At least one Officer has admitted the racial motive of keeping the African-American portion of Evanston pacified, keeping the more affluent parts of Evanston safe, and avoiding political confrontation.

28. Even without this statement, the Police have demonstrated a clear pattern of racially, ethnically, gender-based and age-based disparate treatment of Plaintiff. This conduct was willful and wanton.

29. Plaintiff has suffered severe emotional distress as a result of these incidents, is afraid to leave her apartment, has difficulty sleeping and has constant nightmares of being attacked. Plaintiff is afraid to call the Police.

## COUNT ONE: FOURTH AND FOURTEENTH AMENDMENTS
(Unjustified Arrest and Strip Search Against Individual Defendants)

30. Plaintiff realleges and incorporates herein paragraphs 1-29 above.

31. Plaintiff asserts Count I, arising under 42 U.S.C. Section 1983 against Officers Messing, Niziolek, the female officer of the two who stripped searched her and both ridiculed her, in their individual capacities.

32. The individual defendant's actions, in arresting defendant without justification or probably cause, in denying her the right to explain herself, in strip searching and laughing at her, violated Plaintiff's Fourth and Fourteenth Amendment Rights to be secure in her person, papers, and effects against unreasonable search and seizure and to be free from excessive and unreasonable force.

33. The individual defendant's' actions were the direct and proximate cause of Plaintiff's constitutional rights vilations, her illness, and her mental suffering as described above.

34. The individual defendant's actions were malicious, intentional, willful, wanton, and shocking to the conscience. The individual defendants exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is necessary to punish the individual defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiff prays that the court:

(A) Award Plaintiff judgment against the individual defendants for actual and compensatory damages in an amount to be determined at trial
(B) Award Plaintiff judgment against the individual defendants for appropriate punitive damages in an amount to be determined at trial;
(C) Award costs, expenses, and reasonable attorneys fees pursuant to 42 U.S.C. 1988, and,
(D) Grant such other further relief as this Court deems equitable and just.

## COUNT TWO: TORT OF FALSE ARREST
(Against Individual Defendants)

35. Plaintiff realleges and incorporates paragraphs 1-34 above.

36. "The essential elements of a cause of action for false imprisonment are that (1) the plaintiff was restrained by the defendant and (2) the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Hanna v. Marshall Field & Co.*, 279 Ill. App. 3d 784, 793, 216 Ill. Dec. 283, 665 N.E.2d 343 (1996),

37. In this case, the individual defendants restrained plaintiff without reasonable grounds to do so, and therefore committed the tort of false arrest, and they did so willfully and wantonly.
WHEREFORE, Plaintiff prays that the court:
A. Award Plaintiff judgment against the individual defendants for actual and compensatory damages in an amount to be determined at trial
B. Award Plaintiff judgment against the individual defendants for appropriate punitive dmages in an amount to be determined at trial;
C. Award costs, expenses, and reasonable attorneys fees,
D. Grant such other further relief as this Court deems equitable and just.

## COUNT FOUR: TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Individual Defendants)

38. Plaintiff realleges and incorporates paragraphs 1-37 above.

39. In order to state a cause of action for the tort of intelligent infliction of emotional distress, a party must allege facts to establish that (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Doe v. Calumet City,* 161 Ill. 2d 374, 392, 204 Ill. Dec. 274, 641 N.E.2d 498 (1994).

40. In this case, the individual defendant's arrest, treatment, and strip search, and incarceration of Plaintiff were extreme and outrageous, willful and wanton, and any

reasonable person would know what such conduct would cause severe emotional distress, and in this case, the conduct has caused such emotional distress.
WHEREFORE, Plaintiff prays that the court:
A. Award Plaintiff judgment against the individual defendants for actual and compensatory damages in an amount to be determined at trial
B. Award Plaintiff judgment against the individual defendants for appropriate punitive dmages in an amount to be determined at trial;
C. Award costs, expenses, and reasonable attorneys fees,
D. Grant such other further relief as this Court deems equitable and just.

## COUNT FIVE: TORT OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff realleges and incorporates paragraphs 1-40 above.

42 In order to state a cause of action for the tort of negligent infliction of emotional distress, a party must allege facts to establish that (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Doe v. Calumet City,* 161 Ill. 2d 374, 392, 204 Ill. Dec. 274, 641 N.E.2d 498 (1994).

43. In this case, the individual defendant's arrest, treatment, and strip search, and incarceration of Plaintiff were extreme and outrageous, willful and wanton, and any reasonable person would know what such conduct would cause severe emotional distress, and in this case, the conduct has caused such emotional distress.
WHEREFORE, Plaintiff prays that the court:
A. Award Plaintiff judgment against the individual defendants for actual and compensatory damages in an amount to be determined at trial
B. Award Plaintiff judgment against the individual defendants for appropriate punitive dmages in an amount to be determined at trial;
C. Award costs, expenses, and reasonable attorneys fees,
D. Grant such other further relief as this Court deems equitable and just.

## COUNT SIX - MONELL CLAIM – 14TH AMENDMENT

44. Plaintiff realleges and incorporates paragraphs 1-43 above.

45. Plaintiff asserts Count VI, arising under 42 U.S.C. Section 1983 against

46. Given Plaintiff's numerous complaints about crimes committed against her, the cities failure to arrest one person in connection with such complaints, the cities' arrest of plaintiff (a white person) when under similar circumstances they failed to arrest her

assailaint (a black person); given the admission by an Evanston Police officer of a policy and practice of discriminatory treatment of white people in black neighborhoods, the City of Evanston of Section 42 U.S.C.1983, specifically with regard to the 14th Amendment to the United States Constitution's requirement of equal protection under the law.
WHEREFORE, Plaintiff prays that the court:
E. Award Plaintiff judgment against the individual defendants for actual and compensatory damages in an amount to be determined at trial
F. Award Plaintiff judgment against the individual defendants for appropriate punitive dmages in an amount to be determined at trial;
G. Award costs, expenses, and reasonable attorneys fees,
H. Grant such other further relief as this Court deems equitable and just.


COUNT FOUR LOCAL GOVERNMENT TORT IMMUNITY ACT
(Against the City of Evanston)

Count III of this Complaint is an Illinois statutory claim against Defendant City of Evanston.
47. Defendant City of Evanston is the employer of individual defendants.

48. The Individual Defendants committed the acts alleged above under color of state law and in the scope of their employment as employees of the City of Evanston.
WHEREFORE, should Defendant Police Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Evanston be found liable for any judgment Plaintiff obtains thereon against Defendant Police Officers, as well as for all attorneys' fees and costs awarded thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS**


Respectfully submitted,

_____
Peter Kaminsky
(ARDC No. 6027183)
25 S. Washington Street
LL 200
Naperville, Illinois 60540
(630) 788-4653

I affirm that these statements are true and correct:

JALEH BANAEI