IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JALEH BANAEI, )
)
        Plaintiff, )
)
  v. ) No. 10 C 6966
)
CITY OF EVANSTON AND )
EVANSTON POLICE OFFICERS )
MESSING AND NIZIOLEK, )
)
        Defendants. )

# **OPINION AND ORDER**

This case is before the court for consideration of the parties' motions *in limine*.

Plaintiff's Motions

1. Plaintiff's motion to bar any argument that defendant officers will be responsible for the payment of compensatory damages is granted. If defendants offer any financial evidence relating to punitive damages, it will only be relevant with respect to such issue.

2. Plaintiff's motion to bar any reference to other bad acts of plaintiff or any of plaintiff's witnesses is granted. If defendants hereafter contend that any such information is admissible, notice must be given to plaintiff.

Defendants' Motions

1. Defendants' motion to bar evidence of the events leading up to and during plaintiff's arrest, including transport to the police station, is denied. The events prior to and at the police station provide the totality of the circumstances. *See* ***Green v. Butler***, 420 F.3d 689, 694-95 (7th Cir. 2005).

2. Defendants' motion to preclude any evidence about the battery prosecution and finding of not guilty of plaintiff is granted. There is no longer a false arrest claim in this case. Evidence concerning the criminal prosecution would not be relevant. ***Estate of Moreland v. Dieter***, 395 F.3d 747, 755 (7th Cir. 2005). No mention is to be made that battery charges were filed or dismissed.

3. Defendants' motion to preclude evidence of post-arrest consequences is reserved.

4. Defendants' motion with respect to plaintiff's conduct is reserved.

5. Defendants' motion to bar plaintiff from introducing Evanston Police Department orders and regulations relating only to strip searches is denied.

*Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).  However, any reference to Illinois law will be stated only in appropriate jury instructions.

      6.  Defendants' motion with respect to plaintiff's testimony that other laughing officers were present during the search is denied.

      7.  Defendants' motion to exclude any reference to indemnification by the City of Evanston is granted.

      8.  Defendants' motion to preclude reference to other lawsuits is granted.

      9.  Defendants' motion with respect to intent to humiliate is reserved.

      10.  Defendants' motion to preclude evidence of a code of silence is reserved.

      11.  Defendants' motion to bar the testimony of plaintiff's intended witnesses is reserved.

      12.  Defendants' motion to bar undisclosed witnesses is granted.

      13.  Defendants' motion with respect to compliance with discovery is reserved.

      14.  Defendants' motion to preclude plaintiff's attorneys from referring to "City lawyers" or to "the City" as a party is granted.

15. Defendants' motion to preclude reference to that fact that witnesses are compensated for their time in Court is denied.

16. Defendants' motion to preclude medical evidence is granted. However, plaintiff may explain how the search impacted her physical and emotional health.

17. Defendants' motion to exclude plaintiff's medical bills is reserved.

18. Defendants' motion with respect to lost earnings is reserved.

19. Defendants' motion with respect to other calls by plaintiff to the City of Evanston police department is reserved.

20. Defendants' motion with respect to any link between any special interrogatory and the general verdict is reserved.

21. Defendants' motion with respect to any formula of damages is reserved.

22. Defendants' motion to bar any reference to settlement or other lawsuits is granted.

Plaintiff's objection to defendants' Exhibit D4 is sustained. However, the reports may be used to refresh recollection.

Defendants' objections to plaintiff's Exhibit 5, Evanston Department General Order 7.2, is sustained except as to "Policy V" and "Policy VII" which may be prepared in exhibit form and presented during the trial.

Defendants' objections to plaintiff's exhibits 6, 13, 14, and 16 are sustained.

IT IS THEREFORE ORDERED that defendants' motion in limine [107] is granted in part, denied in part, and reserved in part. Plaintiff's motion in limine [111] is granted. This case is set for status on Thursday, August 14, 2014 at 2:00 p.m. Trial is set for Tuesday, August 19, 2014 at 9:30 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 26, 2014