# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JALEH BANAEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 06966 |
| v. ) | |
| ) | Hon. Judge William T. Hart |
| EVANSTON POLICE OFFICER ) | |
| REBECCA NIZIOLEK AND EVANSTON ) | |
| POLICE OFFICER TIMOTHY MESSING, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RULE 50(a) MOTION FOR
## JUDGMENT AS A MATTER OF LAW AS TO PUNITIVE DAMAGES

All evidence and testimony having been concluded, the Defendants now move this Court pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on the issue of punitive damages.[1] In support of this Motion, Defendants state as follows:

## LEGAL STANDARD

Pursuant to the federal rules, a motion for judgment as a matter of law is made pursuant to Rule 50(a). *Freeman v. Madison Metro. Sch. Dist.,* 231 F.3d 374, 379 (7th Cir.2000); Fed.R.Civ.P. 50(a). Pursuant to Rule 50(a), after "[a] party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50(a). A party making a Rule 50(a) motion may make the motion "[a]t any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the

---

[1] At the close of Day 1 of trial, the Court denied the Defendant's oral motion for a Rule 50(A) JMOL on the issue of qualified immunity. The Defendants respectfully request the opportunity to file this written motion as to the issue of non-recovery of punitive damages as the Court reserved ruling on that issue.

1

movant to the judgment." *Id.* "To avoid a directed verdict, the plaintiff must do more than argue that the jury might have disbelieved all of the defendant's witnesses. Rather, the plaintiff must offer substantial affirmative evidence to support her argument." *Florek v. Vill. of Mundelein, Ill.,* 649 F.3d 594, 601 (7th Cir. 2011) *citing Heft v. Moore,* 351 F.3d 278, 284 (7th Cir.2003).

Whether a plaintiff has put forth enough evidence at trial to support a reasonable jury's award of punitive damages is appropriately determined pursuant to a motion under Federal Rule of Civil Procedure 50(a)(1). *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 720 (7th Cir. 2004). "[W]here a plaintiff fails to produce evidence raising a material question of fact regarding aggravating circumstances or the reckless or callous nature of the defendant's actions," judgment as a matter of law is appropriate. *Kyle v. Patterson*, 196 F.3d 695, 698 (7th Cir. 1999). Under Rule 50(a), a motion for judgment as a matter of law may be made "at any time before the case is submitted to the jury." Because the issues relating to the availability of punitive damages have now been "fully heard," *see id.*, Defendants respectfully request this court to resolve the issue of the availability of punitive damages in favor of Defendants and against Plaintiff. Plaintiff **simply failed to adduce any** evidence of any defendant's malicious state of mind to submit the issue of punitive damages to the jury.

## ARGUMENT

Plaintiff has the burden to establish a claim for punitive damages by a preponderance of the evidence. *See* (7th Cir. Pattern Jury Ins. Civil., 7.24). Plaintiff must establish that the Defendant Officers acted maliciously or with reckless disregard of Plaintiff's rights. (*Id.*). "Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights." (*Id.*). In short, an award of punitive damages in a § 1983 case requires

2

"malice or reckless indifference" on the part of the individuals against whom the damages are awarded. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 538-540 (1999).

It is uncontroverted that Officer Messing did not pat down Plaintiff; did not direct the pat down of Plaintiff; did not supervise the pat down of Plaintiff; and was not otherwise engaged in patting down Plaintiff other than being in the room. Officer Messing's uncontroverted testimony revealed he never insulted Plaintiff or had any feelings of spite, malice or ill will towards Plaintiff.

While Officer Niziolek did the standard custodial pat down of Plaintiff, it is uncontroverted that she never insulted Plaintiff or had any feelings of spite, malice or ill will towards Plaintiff. Both Defendants testified they the custodial pat down was done per standard policy and the same as in hundreds of other pat downs of arrestees.

Plaintiff failed to meet her burden, and has **no countervailing evidence**. As such, all punitive damage claims should be resolved in the Defendants' favor. The Defendants request that the issue of punitive damages not be submitted to the jury.

## CONCLUSION

WHEREFORE, this Court should grant Defendants' Rule 50(a) Motion for a Judgment as a Matter of Law, and for any other relief this Court deems just and necessary.

Respectfully submitted,

**DEFENDANT OFFICERS MESSING and NIZIOLEK**

By: _/s/ W. Grant Farrar_
    One of their Attorneys

W. Grant Farrar, Corporation Counsel
City of Evanston Law Department
2100 Ridge Avenue, Suite 4400
Evanston, IL 60201
(847) 866-2937
(847) 448-8093 (fax)