IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JALEH BANAEI,  )
  )
       Plaintiff,  )
  )
v.  ) No. 10 C 6966
  )
CITY OF EVANSTON, EVANSTON  )
POLICE OFFICER MESSING, and  )
EVANSTON POLICE OFFICER  )
NIZIOLEK,  )
  )
       Defendants.  )

# OPINION AND ORDER

Plaintiff Jaleh Banaei's case went to trial on the single claim that she was subjected to an unreasonable search while at the Evanston police station. Plaintiff claimed that defendant police officers Timothy Messing and Rebecca Niziolek subjected her to an unreasonable search when they required that plaintiff remove her sweater, exposing plaintiff's sheer undergarment that was worn over a bra. This was done in an open area of the police station with Messing watching and included Niziolek patting down plaintiff in the crotch area. Plaintiff was represented by counsel at trial and the jury returned a verdict finding against

plaintiff on her claim. Plaintiff has appealed and is proceeding *pro se* on appeal. At the beginning of the case, plaintiff was granted leave to proceed *in forma pauperis* and that status continues on appeal absent this court certifying that the appeal is not in good faith or frivolous. *See* Fed. R. App. P. 24(a)(3). Plaintiff has provided an updated financial affidavit supporting that she continues to meet the financial requirements for such status and this court has not certified that she should not be permitted to continue to proceed *in forma pauperis*.

Presently pending is plaintiff's renewed motion to be provided with transcripts of the trial without cost. To be entitled to such transcripts at the expense of the United States government, it must be certified that the appeal is not frivolous (that is, it presents a substantial question) and it must be shown that there is a particular need for the transcripts. 28 U.S.C. § 753(f); **Westbrook v. Boy Scouts of Am.**, 2013 WL 2936488 *4 (N.D. Ill. June 14, 2013), *aff'd by unpublished order*, 560 F. App'x 574 (7th Cir. 2014).

Plaintiff's motion does not make clear what issue or issues she intends to raise on appeal. It appears that she contends that, as a matter of law, being required to strip down to see-through lingerie and then being patted down, over her pants, in the area of her buttocks and vagina is an unreasonable search.

Defendants did not deny at trial that such an event occurred. There is no indication that defendants would deny such facts are supported by the trial record. On appeal, plaintiff can provide a summary of the trial evidence in her opening brief. *See* Fed. R. App. P. 28(a)(6); Seventh Circuit Practitioner's Handbook at 120 (available on the Seventh Circuit website http://www.ca7.uscourts.gov/Rules/handbook.pdf). If defendants disagree with plaintiff's factual presentation of trial testimony, then perhaps there would be a need for transcripts. Presently, plaintiff has not shown that she will raise an issue on appeal that will require a transcript of the trial. The motion for free transcripts will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to have free transcripts on appeal [150] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 24, 2014